Scott E. Radcliffe, (CA BAR NO. 278098)
**ALVES RADCLIFFE LLP**
2377 Gold Meadow Way, Suite 100
Gold River, California 95670
T: (916) 333-3375
E: sradcliffe@alvesradcliffe.com

Attorneys for Plaintiff
Minden Pictures, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Case No. 3:23-cv-1602

MINDEN PICTURES, INC.,

    Plaintiff,

v.

PINK JAVA MEDIA, LLC, BOYGENIUS INVENTIONS, LLC, and LIST25, LLC,

    Defendants.

## COMPLAINT

Plaintiff Minden Pictures, Inc. ("Plaintiff") sues defendants Pink Java Media, LLC ("Pink Java"), BoyGenius Inventions, LLC ("BoyGenius"), and List25, LLC ("List25") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Aptos, California.

2. Pink Java is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 2440 Camino Ramon, Suite

340, San Ramon, CA 94583.  Pink Java's agent for service of process is Paco Van Meer, 124 Victoria Place, Danville, CA 94506.

3. BoyGenius is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 2440 Camino Ramon, Suite 340, San Ramon, CA 94583.  BoyGenius' agent for service of process is Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

4. List25 is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 2440 Camino Ramon, Suite 340, San Ramon, CA 94583.  List25's agent for service of process is Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because they maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district.  "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).  Venue is thus proper in this District because personal jurisdiction exists over Defendant

in this District.

# FACTS

## I. Plaintiff's Business

8. Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

9. Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

10. Plaintiff also features images of human interaction with the natural world highlighting science research, conservation, environmental issues, indigenous peoples, and eco travel.

11. Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

## II. The Work at Issue in this Lawsuit

12. Gerry Ellis is one of many photographers represented by Plaintiff (see https://www.mindenpictures.com/favorites/photographer-portfolios/gerry-ellis.html).

13. Mr. Ellis is one of the premier nature and environmental photographers in the world.

14. Mr. Ellis' photography has been singled out for its vision of nature through ecosystems and for his images of creatures within their environment-not apart from it.

15. Mr. Ellis' approach combines his rich scientific knowledge of nature's interrelationships with an experienced artistic eye refined over two decades in the wilds.

16. A tireless explorer, Mr. Ellis' journeys reach remote locales on every continent

1 in an effort to document some of the world's most endangered creatures wild in their habitat.

17. His photography of, and passion for, great apes and rainforests, and involvement in the organizations trying to save each, has established him as leader in the field of conservation photography. Other major projects include more than forty journeys to Africa, long-term projects in Papua New Guinea's remote tropical rainforests, seventeen crossings of the infamous Drake Passage to Antarctica, and three years living on the continent of Australia.

18. In 2002, Mr. Ellis created a professional photograph of the Red Pyramid in Egypt titled "00203870.jpg" (the "Work"). A copy of the Work is exhibited below:



19. The Work was registered by Mr. Ellis with the Register of Copyrights on January 9, 2009 and was assigned Registration No. VA 1-715-026. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

20. Mr. Ellis is the owner of the Work and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work. As such, Plaintiff is

entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**III.    Defendants' Unlawful Activities**

21.    In 2018, www.list25.com was sold by Awesome Motive Inc to Pink Java for an undisclosed sum.

22.    The website and its intellectual property (which includes a registered trademark of the "List25" name) is now owned and controlled by Pink Java, List25, and BoyGenius.

23.    The www.list25.com website publishes 'top 25' lists of various human interest topics, generally publishing at least 2 lists every weekday.

24.    The List25 business is advertised/marketed primarily through its website (www.list25.com), social media (e.g., https://www.facebook.com/list25), and other forms of advertising.

25.    The List25 business currently has over 2.3 million subscribers on its YouTube channel, 448,000 likes on Facebook, over 13,900 followers on Twitter, and over 23,000 followers on Google+.  Defendants generate a sizeable income from the publication of their 'top 25' lists.

26.    On July 26, 2019 (after Mr. Ellis' above-referenced copyright registration of the Work), Defendants published a copy of the Work on the www.list25.com website (at https://list25.com/25-fascinating-facts-about-egyptian-pyramids/) in connection with an article titled "25 Fascinating Facts About Egyptian Pyramids You May Not Know":



27. A true and correct copy of screenshots of the foregoing website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

28. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose.

29. Defendants utilized the Work for commercial use – namely, in connection with the marketing and advertising of their business.

30. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

31. Through its ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in January

2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

32. All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT
**(All Defendants)**

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

34. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

35. Mr. Ellis owns a valid copyright in the Work, having registered the Work with the Register of Copyrights.

36. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

37. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on their website.

38. Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

39. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for their own commercial purposes.

40. Defendant's infringement was willful as it acted with actual knowledge or

reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2011 – 2023 List25 LLC"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

41.  Defendants' willfulness is further demonstrated by Defendants' surreptitious conduct after their hand was caught in the proverbial cookie jar and were notified of the foregoing infringement. Through counsel (Shawn A. Hussain, Esq.), Defendants represented that they had previously purchased a license to use the Work. What Mr. Hussain did not disclose, however, is that Defendants purchased a license in May 2022 (after they were notified of the infringement) – not in July 2019 when the infringement commenced. Once Defendants were

notified of the misrepresentation as to an existing license, Mr. Hussain completely ceased responding to attempts to resolve this matter pre-suit.

42. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

43. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

44. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

45. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

46. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (Pink Java)

47.  Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

48.  This claim is brought in the alternative to the extent Pink Java did not commit direct copyright infringement.

49.  As evidenced above, List25 and BoyGenius infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, publicly displaying, and removing copyright management information from the Work for their own commercial purposes.

50.  As the owner of both List25 and BoyGenius, Pink Java has the right and ability to control the infringing acts of List25 and BoyGenius yet declined or failed to stop List25 and BoyGenius from engaging in their infringing conduct.

51.  Pink Java obtained a direct financial benefit from List25 and BoyGenius' infringing activities. As the owner of List25 and BoyGenius, Pink Java receives profit distributions therefrom and controls all the financial activity therein.

52.  As a direct and proximate result of Pink Java's vicarious copyright infringement,

Plaintiff has been damaged.  See, e.g., Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011) ("Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement."); LaTele TV C.A. v. Telemundo Communs. Grp., LLC, No. 12-22539-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 43488, at *32 (S.D. Fla. Mar. 26, 2013) ("[P]leading facts sufficient to pierce the corporate veil is not required in order to state a cause of action for vicarious copyright infringement.").

**WHEREFORE**, Plaintiff demands judgment against Pink Java as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d. Permanently enjoining Pink Java, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Pink Java, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

e. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

| | |
|---|---|
| DATED:  April 4, 2023 | **ALVES RADCLIFFE LLP** |
| | By: <u>/s/ Scott E. Radcliffe</u> |
| | SCOTT E. RADCLIFFE<br>Attorney for Plaintiff<br>Minden Pictures, Inc. |